REBECCA LUSCOMB, LIZZIE S. LUSCOMB, AND HENRY M. LUSCOMB, EXECUTORS, ESTATE OF MARTIN LUSCOMB, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7143. Promulgated January 7, 1928.

*Stoddard M. Stevens, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, for the respondent.

LANSDON: The respondent has asserted a deficiency in estate tax in the amount of $36,577.31. The petitioners allege that the respondent erroneously included in the gross estate certain amounts as gifts made in contemplation of death.

### FINDINGS OF FACT.

The decedent, Martin Luscomb, was a resident of Bridgeport, Conn., where until about the year 1906 he had been actively engaged in manufacturing operations. He was exceptionally successful in business and in the course of his activities amassed a fortune in excess of $1,000,000. He was a man of fine intellectual ability, and was deeply devoted to his home and his family. He died on April 26, 1923, and at that time was aged 72 years and 21 days. He was survived by his wife, Rebecca Luscomb, a daughter Lizzie S. Luscomb, and a son Henry M. Luscomb.

For many years prior to May, 1922, the decedent had suffered from hemorrhoids. Some time in May, 1922, urged so to do by his son, he consulted a physician and underwent a physical examination for the purpose of determining the nature and the necessary treatment of the ailment from which he was suffering. At that date his general health seemingly was good, but he was troubled with pains in the lower abdominal region and subject to recurring attacks of hemorrhoids. The examining physician concluded that the decedent had cancer of the rectum and later in the day reported his conclusion to Henry M. Luscomb, the son. The son and the physician agreed that the nature of his ailment should be kept from the decedent.

Following the physical examination and the conclusion that Luscomb had cancer of the rectum, the decedent, accompanied by his son and the examining physician, went to New York for the purpose of consulting specialists. Before the physician in New York made any

examination he was requested both by the son and the Bridgeport physician to say nothing about cancer. The New York specialists agreed with the Bridgeport physician as to the nature of the ailment and recommended radium treatment. At that time it was impossible to secure such treatment in New York on account of the crowded condition of the hospitals and it was eventually arranged that Luscomb should go to Baltimore for treatment in a hospital conducted by Dr. Howard A. Kelly, who was at that time the owner of the largest quantity of radium in the possession of anyone in the United States.

The decedent, accompanied by his son, arrived in Baltimore on June 9 and remained for several days at a hotel. As soon as possible radium treatment under the direction of Dr. Kelly was administered. Before the decedent was seen by Dr. Kelly, Henry M. Luscomb had privately conferred with the doctor and requested that his father should not be told of the nature of his disease. Luscomb remained in Baltimore under the treatment of Dr. Kelly for some weeks and then returned to his home. While there and undergoing radium treatment he wrote two letters to his wife and daughter, which indicated that he was in good spirits and very hopeful of recovery from his ailment. In October of 1922, and in January and March of 1923, he returned to Baltimore and received additional radium treatment at the hospital conducted by Dr. Kelly. His condition seemed somewhat improved as a result of such treatments, but he was seen by his Bridgeport physician quite often during the periods that he was at home between his visits to Baltimore. While at Baltimore decedent was told by Dr. Kelly that his ailment was not hemorrhoids and that his condition might be improved by the radium treatment. He was never told by anyone at any time that he was suffering from cancer of the rectum. On April 26, 1923, Luscomb had a severe attack of angina pectoris and died in something like an hour after his seizure. The physician who attended the decedent in his last illness and was present at his death made a death certificate in which the primary cause of the death was given as cancer and the secondary cause as angina pectoris.

The fact that the decedent was afflicted with cancer of the rectum was known to his wife, daughter and son, to the several physicians who had examined and treated him, and to a considerable number of his family friends and associates. Luscomb knew that his condition was not the result of hemorrhoids and that he was being given radium treatments while in Baltimore. It was a matter of common knowledge in 1922 and 1923 that the radium treatment was being used by reputable physicians in the treatment of cancer, but it also was true that such treatment was and is administered for other diseases.

Until some time in 1919, neither the wife, son, nor daughter of the decedent had any personal income and all were wholly dependent upon Luscomb for the means of living and even for pocket money. Henry M. Luscomb is a graduate of Harvard University and for some five or six years was associated with his father in the management of manufacturing enterprises. When the elder Luscomb retired from active business about 1906, he asked his son also to give up his position and assist in the management of his investments and other business affairs. Thereafter Henry M. Luscomb had no regular occupation and until 1919 no personal funds. In 1919 Luscomb gave to his wife, son, and daughter certain shares of stock which yielded each of them an income of about $1,500 per year.

On January 31, 1923, which was the birth anniversary of his daughter, Luscomb gave to his wife, son, and daughter securities of the respective par values of $94,100, $104,100, and $91,050. On March 27, he made additional gifts to the same persons in the respective amounts of $46,000, $36,000, and $50,000. The result of these gifts was that each member of the decedent's family, between January 31 and March 27 of 1923, received approximately $141,000, or for the three a total of $421,200.

Upon audit of the estate-tax returns filed by the administrators of the estate of the decedent, the respondent held that such gifts were made in contemplation of death, added the total thereof to the gross estate of the decedent, and determined the deficiency here in controversy. The gifts were made in contemplation of death.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, GREEN, and ARUNDELL.